**Jimmie Merl MASON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 20233.

United States Court of Appeals
Ninth Circuit.

Feb. 17, 1967.

Theodore W. Graham, of Luce, Forward, Hamilton & Scripps, San Diego, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and MERRILL, Circuit Judges, and TAVARES, District Judge.

TAVARES, District Judge.

Appellant was charged in the district court with a violation of 18 United States Code, Section 1407, in that, being a citizen of the United States who was then addicted to and a user of narcotic drugs, he entered the United States at the port of Tecate, California, without registering with a customs official, agent, or employee at said port of entry as required by law, and without surrendering the certificate required by law to be obtained by him upon leaving the United States. After entering a plea of not guilty, and preserving his objections to the constitutionality of the statute upon various grounds, including that hereinafter mentioned, he was tried by the court, jury waived, and convicted and sentenced. Before and during the trial he contended, among other things, that the statute insofar as it purported to require such registration, etc., by one who "uses narcotic drugs," was void for vagueness under the due process clause of the Fifth Amendment to the United States Constitution.

At the trial, it was stipulated by the defendant-appellant and the prosecution, among other things, that the defendant was a "user of narcotics" but was not addicted to narcotic drugs on the day of the alleged violation—April 21, 1964—it being stipulated more particularly that he had been a user of narcotics in 1961, had not used narcotics thereafter until April 21, 1964, and that on that day he crossed the border from the United States into Mexico, had two "fixes" of narcotic drugs in Mexico, and reentered the United States on the same day, at which time he was apprehended for not having taken out the required certificate or surrendering the same as required by section 1407, supra.

Upon the authority of Weissman v. United States of America, Ninth Circuit, 373 F.2d 799, decided this day, holding unconstitutional for vagueness and uncertainty under the due process clause of the Fifth Amendment to the United States Constitution, the same statutory provision here involved, the judgment of conviction in this case is reversed, and the cause is remanded to the District Court with instructions to dismiss the indictment.

Reversed and remanded with instructions to dismiss the indictment.